**Mark N. WAYSON, Plaintiff— Appellant,**

v.

**Linda RUNDELL, Defendant— Appellee.**

**No. 08–35534.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Mark N. Wayson, Fairbanks, AK, pro se.

Susan Jane Lindquist, Esquire, Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, for Defendant–Appellee.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Mark N. Wayson appeals pro se from the district court's summary judgment in his *Bivens* action alleging that Linda Rundell, acting director of Alaska's Bureau of Land Management ("BLM"), violated his civil rights while investigating a complaint he had lodged against another BLM employee. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Canyon Ferry Rd. Baptist Church of East Helena, Inc. v. Unsworth*, 556 F.3d 1021, 1027 (9th Cir.2009). We affirm.

The district court properly granted summary judgment on Wayson's First Amendment retaliation claim because he failed to raise a genuine issue of material fact as to whether Rundell intended to retaliate against him. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989) ("[A] plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision.").

The district court properly granted summary judgment on Wayson's due process claim because Wayson failed to provide facts creating a triable issue as to whether Rundell intentionally denied him any liberty or property interest. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ("[T]he Due Process Clause is simply not implicated by *a negligent* act of an official causing unintended loss of or injury to life, liberty, or property.").

The district court properly denied Wayson's motion to remand because removal

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Wayson's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was proper pursuant to 28 U.S.C. § 1442(a)(1).

The district court did not abuse its discretion in denying Wayson's motion to compel because the motion lacked the requisite certification required by Federal Rule of Civil Procedure 37(a) and did not provide evidence that Rundell possessed the requested documents. *See* Fed. R. Civ. Pro. 34(a) (requiring a party to produce only those documents that are in its possession, custody or control).

Wayson's remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**